UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ALEJANDRO JUAREZ BARRIENTOS,

Petitioner,

v.

GERALD MOSS, WARDEN CENTRAL VALLEY ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05943-NW

**ORDER GRANTING PRELIMINARY INJUNCTION**

Re: ECF No. 3

Petitioner Jose Alejandro Juarez Barrientos was arrested by United States Immigration and Customs Enforcement ("ICE")—purportedly without a warrant—on June 22, 2026, while on his way to work. ECF No. 1 ¶ 19. He argues in the instant petition for writ of habeas corpus and application for a temporary restraining order that due process required he be provided a pre-deprivation hearing prior to his detention and, in the alternative, the arrest was made in violation of 8 U.S.C. § 1357(a)(2) and 8 U.S.C. § 1226(a), further justifying his release. *Id*. ¶¶ 80–97. Respondents oppose the request for injunctive relief, arguing that Petitioners' detention is lawful under 8 U.S.C § 1226(a), and the only appropriate relief is a bond hearing. Dkt. No. 7 at 2–3. Because the Court concludes that Petitioner is likely to succeed in demonstrating that his warrantless arrest was unlawful, it GRANTS the application for a temporary restraining order, enters a preliminary injunction, and orders Petitioner's immediate release.

## I.    BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States 22-years ago on a temporary visa not to exceed twenty-nine days. ECF No. 7 at 6; ECF No. 1 ¶ 8. Since entering the United States, he has gotten married and had a child, whom he lives with in Maryland. *Id*. ¶¶

3, 11. He works as a cashier in Baltimore and is the sole financial provider for his family. *Id*. ¶ 17. The loss of Petitioner's income and caregiving support has placed immense strain on his wife and daughter, who has special needs, is wheelchair bound, and has frequent medical appointments. *Id*. ¶¶ 12–18.

Petitioner was arrested by ICE on June 22, 2026, while on his way to work. *Id*. ¶ 20. He alleges that he was not provided with a warrant at the time of his arrest and has not been presented with one since. *Id*. ¶ 21. Respondents did not produce a warrant in response to the application for a temporary restraining order. This petition and application for a temporary restraining order followed asserting three claims for relief: (1) violation of substantive due process; (2) violation of procedural due process; and (3) violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2) based on Petitioner's warrantless arrest.

## II.      LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents had notice and opportunity to respond in opposition, *see* ECF No. 5, and neither party objected to converting the application for a temporary restraining order to a motion for preliminary injunction or requested a hearing. Petitioner's motion is therefore converted to a motion for preliminary injunction.

To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III.      DISCUSSION

Petitioner argues that he is entitled to release because he has satisfied all the *Winter* factors. *See* ECF No. 3 at 5–13. In opposition, Respondents argue that Petitioner's detention is controlled by § 1226(a), which entitles him to a bond hearing, but not release. ECF No. 7 at 2–3. They further contend that the petition should be denied because Petitioner has failed to exhaust his

United States District Court
Eastern District of California

administrative remedies by requesting such a bond hearing. *Id*. at 4.

### A.      Likelihood of Success on the Merits

The likelihood of success on even one claim is sufficient for granting injunctive relief as long as that claim would support the relief sought. *See Yedi, Inc. v. Universal Connect Wholesale*, No. 222CV02202RGKAGR, 2022 WL 3137930, at *2 (C.D. Cal. June 22, 2022) ("To obtain a preliminary injunction, the moving party need not establish a likelihood of success on all of its claims."). Accordingly, the Court considers only Petitioner's warrantless arrest claim under 8 U.S.C. §§ 1357(a)(2) and 1226(a), finds that the exhaustion requirement should be excused in this instance, and finds that Petitioner has shown a likelihood of success on the merits warranting his immediate release.

Before a district court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). As the requirement is prudential, the court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

Respondents argue that the motion should be denied based on Petitioner's failure to request a bond hearing pursuant to § 1226(a) before seeking habeas relief. ECF No. 7 at 4. This argument, however, misconstrues the allegations of Petitioner's warrantless arrest claim. He alleges that his very detention under § 1226(a) is unlawful because Respondents failed to secure a warrant prior to detaining him. *See* ECF No. 1 ¶¶ 90–97. A post-hoc bond hearing where the

United States District Court
Eastern District of California

3

Immigration Judge would only consider Petitioner's potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant. The court accordingly concludes that Petitioner has shown a strong likelihood of success on the merits of his threshold argument that his warrantless arrest claim should not be rejected for failure to exhaust.

Turning to the merits, § 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. § 1226(a). Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation … regulating the admission, exclusion, expulsion, or removal of aliens," or when an officer has reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); *see also* 8 U.S.C. §§ 1357(a)(4)–(5) (providing other circumstances that justify warrantless arrest).

Petitioner's arrest and subsequent detention under § 1226(a) was unlawful because it appears to have been made without a warrant, and no exceptions under § 1357(a)(2) applied. *See* ECF No. 1 ¶¶ 20–21. Indeed, Respondents do not dispute that Petitioner's arrest was warrantless, nor have they provided any argument that his arrest fell into one of the enumerated statutory exceptions. As "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)[,]" unless an exception applies, "a noncitizen may not be arrested and detained under section 1226(a)" without one. *Sergio P. v. Bondi*, No. 26-CV-1538 (ECT/DTS), 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (cleaned up); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *4 (D. Nev. Apr. 6, 2026) (warrantless arrest of noncitizen was unlawful). Given that Respondents failed to follow the procedures authorizing detention under § 1226(a), Petitioner's current detention was "divorced from a finding of probable cause," and was unlawful. *Romero-Perez v. Blanche*, No. 2:26-CV-01708-RFB-BNW, 2026 WL 1724752, at *3 (D. Nev. June 15, 2026).

4

### B.    Other *Winter* Factors

As to the likelihood of irreparable injury, the Ninth Circuit has recognized that there may be numerous "irreparable harms imposed on anyone subject to immigration detention," such as "subpar medical and psychiatric care in ICE detention facilities [and] the economic burdens imposed on detainees and their families as a result of detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  Petitioner here contends that he is the sole financial provider for his family, and one of the primary caregivers for his daughter, who has severe medical needs requiring approximately ten doctor appointments a month and additional financial resources.  ECF No. 1 ¶¶ 12–18.  Accordingly, he has established that he will suffer irreparable harm in the absence of injunctive relief.

Finally, because the government is the opposing party in this case, the last two *Winter* factors—the balance of equities and the public interest—merge.  *Hubbard v. City of San Diego*, 139 F.4th 843, 854 (9th Cir. 2025).  Respondents have raised no argument that granting relief here would be costly for the Government.  Thus, faced with a choice "between [these minimally costly procedures] and preventable human suffering," as discussed above, the Court concludes "that the balance of hardships tips decidedly in [petitioner's] favor." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).  The public interest also weighs in Petitioner's favor.  "The public has a strong interest in upholding procedural protections …, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citing *Jorge M.F. v. Wilkinson*, No. 21-CV-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021)

Because Petitioner has satisfied all the *Winter* factors, he is entitled to a preliminary injunction returning him to the status quo—that is, "the last uncontested status which preceded the pending controversy." *Perez v. Albarran*, No. 1:25-cv-01540, 2025 WL 3187578, at *5 (E.D. Cal. Nov. 14, 2025) (cleaned up).  In this case, that is "the moment prior to Petitioner's likely illegal detention." *Id.* (cleaned up).  Accordingly, the court concludes that the immediate release of Petitioner is necessary.

United States District Court
Eastern District of California

## IV.   CONCLUSION AND ORDER

For the reasons stated above, Petitioner's application for a temporary restraining order is converted to a motion for a preliminary injunction and granted as follows:

1.   Respondents are ordered to immediately release Petitioner from custody.

2.   Under the circumstances of this case, Petitioner will not be required to post bond pursuant Rule 65(c) of the Federal Rules of Civil Procedure, as there is "no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *see also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (noting that Fed. R. Civ. P. 65(c) confers upon the district court the "discretion as to the amount of security required, if any").

3.   Respondents shall file a response to the full habeas petition, including the due process claims not addressed in this order, by August 21, 2026.  Petitioner may file a reply by August 28, 2026.  The briefing should discuss any forms of immigration relief Petitioner has previously sought prior to his most recent arrest and detention.

4.   This order does not address the circumstances under which the Government may detain Petitioner pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: August 7, 2026

_____
Noël Wise
United States District Judge