UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ALEJANDRO JUAREZ BARRIENTOS,

Petitioner,

v.

GERALD MOSS, *et al.*,

Respondents.

Case No. 1:26-cv-05943-NW

**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: ECF No. 10

On August 7, 2026, the Court entered a preliminary injunction ordering Respondents to "release Petitioner from custody" on the grounds that they had violated 8 USC § 1226(a) by failing to obtain a warrant prior to arresting and detaining Petitioner. ECF No. 9 at 6. The Court reserved ruling on Petitioner's due process claims and instead directed the parties to file additional briefing with respect to the underlying habeas petition. *Id.*

Petitioner filed the instant application on August 14, 2026, seeking a temporary restraining order enjoining Respondents from requiring that he attend an ICE check-in appointment on August 17, 2026, or place any further monitoring obligations on him—such as a GPS ankle monitor—in the future. ECF No. 10 at 2. He argues that the check-in itself, and any future monitoring, would be a violation of this Court's preliminary injunction because the Court ordered that Petitioner be returned to the status quo ante, and Petitioner has not previously been required to attend check-ins or placed on any form of monitoring by ICE. *Id.* at 4–7. Respondents filed an opposition on August 15, 2026, in which they argue that any form of injunctive relief would be premature at this time given that it is unclear what will happen at the August 17, 2026 appointment, rendering Petitioner's claim of irreparable injury too speculative to grant relief. ECF No. 12 at 2–3.

United States District Court
Eastern District of California

A TRO, like all injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under the *Winter* standard, a party must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *W inter*, 555 U.S. at 20.

Petitioner has not satisfied this test. As to the first prong, the Court's prior Order did not enjoin the Government from scheduling immigration-related appointments for Petitioner. Rather, the Order found Petitioner's current detention unlawful as the Government had failed to abide by 8 U.S.C. § 1226(a) and its implementing regulations in arresting Petitioner—i.e., the statutory authority both parties' acknowledge is at issue in this case. *See* ECF No. 1 ¶¶ 62–70; ECF No. 7 at 1. Petitioner has not presented any authority suggesting 8 U.S.C. § 1226(a) and its implementing regulations would be violated if Petitioner is required to attend an immigration check-in, nor is the Court persuaded that a single check-in appointment, standing alone, constitutes "custody" in violation of the Court's Order that Petitioner be released from custody.

As to the second prong—likelihood of irreparable injury absent an injunction—Petitioner has not presented any evidence that the check-in on Monday, standing alone, will cause irreparable injury. And the harms that could potentially result from future monitoring requirements are too speculative at this juncture to justify preliminary relief. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"); *see also Cruz v. Bondi*, No. 3:26-CV-00034-CAB-DEB, 2026 WL 50749, at *1 (S.D. Cal. Jan. 7, 2026) (denying TRO enjoining Petitioner's detainment at an ICE check-in where Petitioner presented no individualized evidence suggesting that ICE intended to detain her). Indeed, most of the cases which Petitioner relies on involved instances where the Government *had already placed* monitoring requirements on the

petitioner prior to the application for injunctive relief. *See Abdeltawab v. Armant*, No. 5:26-CV-01520-MWF-DTB, ECF No. 25 at 3 (C.D. Cal. June 4, 2026) (finding that the Government violated the Court's order to release Petitioner from custody, where "[t]he sum of Petitioner's monitoring, ISAP enrollment, and geographic restriction" constituted custody in the habeas context); *Feliciano-Macario v. Andrews*, No. 1:26-cv-01941-DC-DMC, ECF No. 18 (E.D. Cal. May 27, 2026) (finding the Government violated the court's order where they placed a GPS ankle monitor on petitioner prior to providing him a pre-deprivation bond hearing); *Harrington v. Albarran*, No. 26-CV-01889-JST, 2026 WL 800113, at *8 (N.D. Cal. Mar. 23, 2026) (requiring the Government to relieve petitioner of the ankle monitor and ISAP monitoring conditions ICE had placed on petitioner).

Accordingly, Petitioner's TRO is DENIED.

**IT IS SO ORDERED.**

Dated: August 15, 2026

Noël Wise
United States District Judge